IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| EMPLOYERS-SHOPMENS LOCAL 516 PENSION TRUST; CORAL CONSTRUCTION COMPANY RESTATED EMPLOYEE PROFIT SHARING PLAN & TRUST; WESTERN STATES HEALTH AND WELFARE TRUST FUND OF THE OPEIU, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05-444-KI |
| vs. | ) ) | OPINION AND ORDER |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; HARTFORD FIRE INSURANCE COMPANY; SEABURY & SMITH, INC. d/b/a MARSH ADVANTAGE AMERICA; WILLIS OF OREGON, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Michael E. Farnell
Emily S. Robertson
Samantha M. Geboff
Parsons Farnell & Grein, LLP
805 S. W. Broadway, Suite 1560
Portland, Oregon 97205

  Attorneys for Plaintiffs


G. Kevin Kiely
William J. Lehman
Lindsay R. Kandra
Cable Huston Benedict Haagensen & Lloyd LLP
1001 S. W. Fifth Avenue, Suite 2000
Portland, Oregon 97204-1136

Michael R. Davisson
Susan Koehler Sullivan
Sedgwick Detert Moran & Arnold, LLP
801 S. Figueroa Street, 18th Floor
Los Angeles, California 90017-5556

Thomas H. Nelson
825 N. E. Multnomah, Suite 925
Portland, Oregon 97232

John Spencer Stewart
Thomas A. Larkin
Stewart Sokol & Gray LLC
2300 S. W. First Avenue, Suite 200
Portland, Oregon 97201-5047

Dwain M. Clifford
James T. McDermott
Ball Janik LLP
101 S. W. Main Street, Suite 1100
Portland, Oregon 97204-3219

Bruce A. Rubin
Justin C. Sawyer
Miller Nash LLP
3400 U. S. Bancorp Tower
111 S. W. Fifth Avenue
Portland, Oregon  97204-3699

    Attorneys for Defendants

KING, Judge:

On July 6, 2005, I remanded this action to Multnomah County Circuit Court.  Before the court is Plaintiffs' Motion for Award of Attorney Fees and Costs (#80).  Plaintiffs seek a total award of $118,879.27.

## DISCUSSION

An order of remand may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  The court does not have to make a finding of bad faith on part of the removing party to support the award of costs and attorney fees.  Balacorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

I have a lot of discretion under the statute on whether to award fees and expenses.  It has not been my practice to award fees if the removal was not frivolous and this removal was not.  Both the procedural defect and the substantial federal question issues were complex.

On the practical side, if plaintiffs prevail in state court they can seek attorney fees under ORS 742.061.  Fees to fight the removal could be awarded also.  Even with the unredacted invoices, it is difficult for me to determine if any of the time spent was not solely for the remand motion and would be of assistance in other parts of the case.  This would not be an issue under

the state statute. I acknowledge that not all of plaintiffs' claims are against parties that fall under ORS 742.061,but their primary claims against the insurers should. Plaintiffs' fees incurred to oppose the remand likely could not be apportioned between the insurer and non-insurer defendants because the arguments against the two groups did not differ.

Accordingly, I decline to award fees to plaintiffs.

## CONCLUSION

Plaintiffs' Motion for Award of Attorney Fees and Costs (#80) is denied.

IT IS SO ORDERED.

Dated this ____7th____ day of September, 2005.

                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge